**AMERICAN CYANAMID CO. v. MARZALL.**

No. 11096.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 14, 1952.

Decided March 13, 1952.

Mr. Edmund H. Parry, Jr., Washington, D. C., with whom Messrs. Elmer W. Harmon, Evans Kahn and Walter H. Schneider, all of Stamford, Conn., were on the brief, for appellant.

Mr. Clarence W. Moore, U. S. Patent Office, with whom Mr. E. L. Reynolds, Solicitor, United States Patent Office, was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

PER CURIAM.

Froth flotation was well known to the prior art. This is not disputed. The appellant's assignors put froth flotation to practical and successful use in the elimination of contaminants or solid particles from lubricating and cooling emulsions, called lubricating or emulsion coolants.

8. 2 Moore, Federal Practice 2257 (2d Ed.).

The District Court in an action filed by appellant pursuant to Rev.Stat. § 4915 (1878), as amended, 35 U.S.C.A. § 63, found that the discovery of this new usefulness of froth flotation did not amount to patentable invention and dismissed the action. The effect was to leave undisturbed the Patent Office decision that the claims involved are unpatentable in view of the prior art.

■ We agree. The situation described falls within the principles of Lovell Manufacturing Co. v. Cary, 1893, 147 U. S. 623, at page 634, 13 S.Ct. 472, 476, 37 L.Ed. 307, where the Court said, " * * * the public cannot be deprived of an old process because some one has discovered that it is capable of producing a better result, or has a wider range of use than was before known." See, also, General Electric Co. v. Jewel Co., 1945, 326 U.S. 242, at page 248, 66 S.Ct. 81, 90 L.Ed. 43.

Affirmed.